**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DOROTHY AVANCE**                                                                            **PLAINTIFF**

**V.**                     **CASE NO. 4:20-CV-12-BD**

**COMMISSIONER of
SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

## ORDER

**I.  Introduction:**

On March 4, 2015, Dorothy Avance applied for disability income benefits, alleging disability beginning October 26, 2013. (Tr. at 14) Her claims were denied both initially and upon reconsideration. *Id*. After a hearing, the Administrative Law Judge (ALJ) denied the application. (Tr. at 29) Ms. Avance requested that the Appeals Council review her application, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Ms. Avance filed this case seeking judicial review of the decision denying her benefits.[1]

**II.  The Commissioner's Decision:**

The ALJ found that Ms. Avance had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 17) The ALJ determined that Ms. Avance had the following severe impairments: bilateral carpal tunnel syndrome, diabetes mellitus, obesity, left hip pain, hypertension, depressive disorder, and anxiety disorder. *Id*.

---

[1] The parties consented to proceed before a magistrate judge. (Doc. No. 5)

After finding that Ms. Avance's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that she had the residual functional capacity (RFC) to perform work at the light exertional level, with additional limitations. (Tr. at 22) She could climb, balance, stoop, and bend, but never crouch, kneel, or crawl. *Id.* She had the ability to perform work in settings where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete. *Id.*

The ALJ found that Ms. Avance had no past relevant work. (Tr. at 28) Relying upon the testimony of a Vocational Expert (VE), the ALJ found, based on Ms. Avance's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that she could perform, including work as assembler and machine operator. (Tr. at 29) Thus, the ALJ determined that Ms. Avance was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is

evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Avance's Arguments on Appeal

Ms. Avance maintains that the Commissioner's adverse decision is not supported by substantial evidence. She argues that the ALJ should have found her shoulder problems to be a severe impairment at step two and should have assigned a more restrictive RFC. There is merit in this argument.

An MRI of Ms. Avance's right shoulder in 2013 showed a labral tear and tendonitis. (Tr. at 96) In 2017, a clinic visit revealed severely reduced range of motion in both shoulders with myofascial tenderness in the trapezius. (Tr. at 1147) Steroid injections were recommended. *Id*. A 2018 right shoulder MRI showed articular and interstitial tearing of the mid supraspinatus tendon, tendinopathy with a tear of the superior labrum, and moderate joint osteoarthritis. (Tr. at 819-829)

Ms. Avance was referred for nine physical therapy sessions. (Tr. at 944-945). At her first appointment, the therapist noted protracted shoulders and severe tenderness to palpation. *Id*. She had pain with all range of motion in the right shoulder. *Id*. Ms. Avance testified at her 2019 hearing that physical therapy and injections had not reduced the pain in her shoulders. (Tr. at 41-47) She was still taking Oxycodone for pain at the time of the hearing, with minimal effect. *Id*. She could not reach overhead, and she could not afford the recommended surgery. *Id*.

The two state-agency physicians who reviewed the records detailed Ms. Avance's shoulder problems in 2018, citing to the record, and found that her osteoarthritis was a severe impairment. (Tr. at 120-122, 168) They assigned an RFC with limited overhead reaching in the left upper extremity. (Tr. at 121, 168). Two ALJs found, in 2011 and 2017, that Ms. Avance had severe right shoulder problems; and they limited overhead reaching with the right upper extremity. (Tr. at 23, 62, 92-94) While the ALJ is not bound by findings in prior decisions, the weight of the evidence, including these decisions, points to severe shoulder impairments.

The claimant has the burden of proving that an impairment is severe that, by definition, indicates significant limits to one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). Not only did the ALJ fail to mention Ms. Avance's shoulder problems at step two or step three, but also, he hardly mentioned her shoulders at all in the decision. He did not discuss the failed pain treatments; nor did he mention pain related to her shoulders specifically. Furthermore, he found the opinions of his own state-agency consultants to be unpersuasive because they had not personally examined

4

Ms. Avance. (Tr. at 27) An in-person examination is not typical at the first stages of review; rather, the examiners merely review the paper record.

The ALJ did not assign any overhead reaching limitations in the RFC, despite evidence suggesting that limitations were necessary. Two prior ALJs and two state-agency doctors found that such limitations were required. There is no good reason given for the ALJ's decision to ignore this RFC evidence.

The ALJ did not give full consideration to Ms. Avance's shoulder impairments. The medical record, as well as prior administrative decisions and state-agency medical opinions, suggest that her shoulder problems were significant and that the ALJ should have considered shoulder impairments at step two and beyond.

**IV.   Conclusion:**

For the reasons stated above, the Court concludes that the ALJ's decision is not supported by substantial evidence in the record as a whole. The ALJ did not properly consider Ms. Avance's shoulder impairments. The decision is reversed; and the case is remanded with instructions for further review.

IT IS SO ORDERED, this 28th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE